**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JAMES ACKLIN,
ADC #550238                                                                                           PLAINTIFF

3:15CV00376-JTK

CHRISTIAN UNDERWOOD, et al.                                                              DEFENDANTS

**MEMORANDUM AND ORDER**

**I.      Introduction**

Plaintiff James Acklin is a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging excessive force by Defendants while he was incarcerated at the Greene County Detention Center (Jail) on November 3, 2015 (Doc. No. 2). He asks for monetary and injunctive relief.

Pending before the Court is the Defendants' Motion to Dismiss, to which Plaintiff responded (Doc. Nos. 19, 22). By Order dated March 29, 2016, this Court informed the parties that the Motion would be construed as a Motion for Summary Judgment, and directed them to submit relevant exhibits, briefs and/or affidavits in support of their positions (Doc. No. 23). Defendants then filed a Supplemental Motion to Dismiss/Motion for Summary Judgment, with a Brief in Support and Statement of Facts (Doc. Nos. 24-26). Plaintiff filed a Response to the Motion (Doc. No. 29), together with a Motion to Appoint Counsel (Doc. No. 30), and Defendants filed a Reply (Doc. No. 31).

**II.     Complaint**

Plaintiff originally filed his Complaint on November 25, 2015 (Doc. No. 1), alleging that on November 3, 2015, Defendants placed him in a restraint chair, applied a spit mask, and Defendant

1

Underwood applied excessive pressure to his jaw for several minutes (Id., p. 4). He later filed an Amended Complaint, alleging excessive force by Defendants in restraining him and by Defendant Underwood for applying excessive pressure to the pressure points under both of his cheek bones. (Doc. No. 5, p. 5)

**III.    Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendants ask the Court to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. They state Plaintiff admitted in both the Original and Amended Complaints that he did not exhaust his remedies, because "responses to grievances/requests here get responses of 'resubmit to

correct group.'" (Doc. No. 5, p. 4). Defendants provide to the Court the grievance procedure notification which is given to each inmate, together with proof that Plaintiff was familiar with the grievance process and used it to complain about unrelated situations. (Doc. No. 24-2) According to the Affidavit of Jail Administrator Allison Huckabee, detainees use a computerized "kiosk system" to communicate with detention center staff, and the Jail handbook is available on the kiosk. (Doc. No. 24-1, p. 1) In order to use the kiosk, the inmate must acknowledge that he has received a copy of the handbook, which includes the grievance procedure. (Id.) Plaintiff used the kiosk system to submit medical requests, general requests, grievances and other written communications while he was incarcerated at the Jail from November 3, 2015, until he was released on December 14, 2015. (Id., p. 2)

Defendants state Plaintiff's complaint should be dismissed for failure to exhaust, based on the facts that the Jail had a grievance policy, that Plaintiff used the kiosk system to file grievances during his stay at the Jail, and that he admitted in his complaints that he did not file a grievance about the incident at issue.

In Response, Plaintiff states Defendant Crittenden directly threatened him with retaliation if he did not drop the excessive force issue, and asked Plaintiff if he was sure that he wanted to file a grievance. (Doc. No. 22)

Defendant Crittenden also responded with an affidavit denying that he threatened Plaintiff (Doc. No. 24-6). Defendants question Plaintiff's credibility, noting that he originally stated in his complaints that he did not file a grievance because grievance responses are to the effect that they should be resubmitted. (Doc. No. 5, p. 4) Defendants also state that even if Plaintiff felt threatened by retaliation from Defendant Crittenden, it did not prevent him from filing this lawsuit against him

3

and other officers while he was still incarcerated at the Jail where they all worked.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original.)  Finally, in Jones v. Bock, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the Court finds that the Motion should be granted.  Plaintiff admitted in both his

4

Original and Amended Complaints that he did not exhaust his administrative remedies prior to filing this lawsuit, apparently believing the process to be futile. However, he clearly knew how to utilize the grievance procedure, as he filed unrelated grievances on November 10, 2015, November 21, 2015, and November 30, 2015. (Doc. No. 24-3, pp. 5, 12, 18) Although he claims in his responses to the Motions that he was threatened with retaliation, the Court notes that no threats prevented him from filing this lawsuit. In addition, courts in the Eighth Circuit have excused inmates from complying with a grievance procedure only "when officials have prevented prisoners from utilizing the procedures,..., or when officials themselves have failed to comply with the grievance procedures." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005). Plaintiff provides no evidence of either of these instances occurring. The PLRA clearly requires exhaustion of administrative remedies prior to filing a lawsuit, and absent evidence to the contrary, the Court finds Plaintiff's complaint should be dismissed.

While courts typically dismiss cases without prejudice for failure to exhaust, Defendants ask the Court to dismiss this case with prejudice, since Plaintiff has not been incarcerated at the Jail since December, 2015, and is now confined at the ADC. In Nasseff v. Lisowy, United States District Judge Joan Ericksen dismissed with prejudice Plaintiff's complaint for failure to exhaust after finding that the deadline for Plaintiff to comply with the grievance policy had long passed. No. 14-cv-4704 (JNE/BRT), 2015 WL 4545413 (D.Minn. July 28, 2015). In this case, the grievance policy does not contain a deadline; however, given the fact that Plaintiff is no longer incarcerated at the Jail and is incapable of exhausting his administrative remedies as to this incident, the Court finds his complaint should be dismissed with prejudice.

**IV.    Conclusion**

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion to Dismiss and Supplemental Motion to Dismiss/Motion for Summary Judgment (Doc. Nos. 19, 24) are GRANTED.

2. Plaintiff's complaint against Defendants is DISMISSED with prejudice.

3. Plaintiff's Motion to Appoint Counsel (Doc. No. 30) is DENIED as moot.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 13th day of May, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE